# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-207-03 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CLYDE O. SPATES | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 206], filed by Defendant Clyde Spates ("Spates"). For the following reasons, the Section 2255 motion [Record Document 206] shall be **DENIED**.

### Facts and Procedural History

In 2009, Spates was indicted for a drug conspiracy (count one), attempting to possess with intent to distribute cocaine (count two), and possession of a firearm in relation to drug trafficking (count three). Record Document 14. Spates pleaded guilty to counts one and three on January 6, 2010. Record Document 68. On April 9, 2010, he was sentenced to 60 months on each count, with the sentences to run consecutively. Record Document 92. Spates did not appeal his conviction or sentence.

In 2015, Spates sought a sentencing reduction under 18 U.S.C. § 3582 and Amendment 782 to the United States Sentencing Guidelines, which was granted in April of 2016, thereby reducing his sentence from 120 months to 113 months. Record Document 192. On July 17, 2017, Spates filed the instant Section 2255 motion. The

motion failed to summarize or enunciate any facts in support of the requested relief. Instead, it referred to an "attached memorandum" though nothing was attached to the motion. Recognizing there were no factual or legal grounds listed to support Spates's motion, on July 21, 2017, this Court issued a minute entry in which it ordered Spates to file into the record a supplement to his Section 2255 which identified all of the factual and legal grounds that he believed supported his motion. Record Document 209. He was ordered to comply by September 15, 2017, and was cautioned that failure to comply with this deadline could result in the dismissal of his motion. Id.

On September 18, 2017, Spates filed a supplemental memorandum into the record, which nonetheless failed to comply with the Court's prior order. [Record Document 210]. Spates's supplement contained a total of six numbered paragraphs in which he represented to the Court that he sought to make a "selective enforcement challenge," and, in addition, he asserted that his counsel was ineffective in advising him to plead guilty. Id. Spates cited no facts to support either claim. Id. Instead, he merely stated that he relied on an expert report issued by Jeffrey Fagan, Ph.D., in another case wholly unrelated to Spates's case. Id. Spates failed to articulate how or why Dr. Fagan's report entitled Spates to relief under Section 2255. Moreover, Spates failed to explain to the Court how or why his counsel rendered ineffective assistance.

The Court issued another minute entry, ordering Spates to enunciate specific facts from his own case and identify legal jurisprudence, applicable to the facts of his case, that suggested relief is warranted. Spates was ordered to comply with the Court's order by

October 20, 2017 or risk having his motion dismissed. Spates has not filed anything with the Court since the Court's last minute entry.

## Law and Analysis

Section 2255 motions are subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f).

Spates was sentenced on April 9, 2010. His judgment of conviction became final on April 26, 2010, after the time for filing a notice of direct appeal expired. See Fed. R. App. P. 4(b)(1). Therefore, unless another provision of Section 2255(f) applies, Spates's one-year period to file his Section 2255 motion expired on April 26, 2010. Spates has not argued that his current motion is timely, nor has he provided the Court with any facts or law to warrant the conclusion that his motion is timely. Accordingly, Spates's Section 2255 claims are time-barred and will be **DISMISSED WITH PREJUDICE**.

In addition, notwithstanding the Court's conclusion above, the Court would dismiss Spates's action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with its prior orders. The Court twice issued orders to Spates requiring him to provide facts to

support his motion. He twice failed to comply with those orders, even in the face of warnings that his case may be dismissed. Thus, dismissal of this matter is warranted under Rule 41(b).

## Conclusion

For the foregoing reasons, Spates's motion to vacate, set aside, or correct sentence [Record Document 206] is **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeal. In this case, a certificate of appealability is **DENIED** because Spates has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of May, 2018.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE